| iSULLIVAN, Judge.
Claimant, Olida Chaisson, seeks a supervisory writ from an order compelling her to submit to a medical examination by a physician of her employer’s insurer’s choice. Chaisson also contends that the hearing officer erred in failing to rule on her motion to compel medical treatment by an orthopedic surgeon of her choosing. For the following *265 reasons, the writ is granted in part and denied in part and made peremptory.
|2FACTS AND PROCEDURAL HISTORY
Chaisson was employed by Cajun Bag, Inc. as a sewing finisher, a job that required repetitive bending at the waist and lifting heavy bags. She claims to be disabled as the result of two work-related accidents.
The first alleged accident occurred on January 17,1991 when she “felt something pop” in her back as she twisted her torso to pick up a bag. Cajun Bag referred her to a general practitioner, Dr. Jacob Segura, who then referred her to Dr. John Budden, an orthopedic surgeon. Dr. Budden treated her conservatively, diagnosing “overuse syndrome” or a strain of the lumbosacral area. He discharged her on May 10,1991. During her time of treatment with Dr. Budden, Chaisson did not miss any work.
Chaisson alleges that she suffered a second accident on July 23, 1992, also while picking up a bag. There is, however, a dispute as to whether Chaisson reported a second accident to her employer. Nonetheless, Cajun Bag again referred her to Dr. Budden, who recommended that certain diagnostic tests be performed. The results of an MRI revealed degenerative disc disease at L4-5 and L5-S1, with a “small central focal disc herniation” at the same levels. Dr. Budden issued an opinion that her symptoms were due to “degenerative disc herniations.” He continued to treat Chaisson until Cajun Bag’s administrator, Gates McDonald, informed him that any further medical charges would not be covered by worker’s compensation.
On November 24, 1992, Chaisson filed the instant claim against Cajun Bag. Cajun Bag then filed a third party demand against Insurance Company of North America (INA), its worker’s compensation carrier at the time of the first alleged accident. At the time of the second alleged accident, Cajun Bag was self-insured.
|3On August 6, 1993, INA filed a motion to compel Chaisson to be seen by a physician of its choice, Dr. James McDaniel. Although the hearing officer granted INA’s request, this court reversed that ruling, finding that Dr. John Budden was the employer or insurer’s choice of orthopedic specialist under La. R.S. 23:1121A. Chaisson v. Cajun Bag, Inc., Writ No. 93-1566 (La.App. 3 Cir. 3/4/94). INA then filed a motion to compel Chaisson to be examined by Dr. Budden. The hearing officer granted this request, and once again Chaisson filed writs to this court. On that application, we affirmed the ruling of the hearing officer as to an examination by Dr. Budden. Chaisson v. Cajun Bag, Inc., Writ No. 94-838 (La.App. 3 Cir. 9/27/94).
On November 3, 1993 Chaisson filed a motion to compel medical treatment, alleging that she had yet to be examined by an orthopedic surgeon of her choice. Before this motion could be heard, INA once again sought to compel an examination by Dr. McDaniel, or alternatively by a court-appointed physician. INA alleged in its motion that Dr. Budden now refused to treat Chais-son further.
After a hearing, the hearing officer issued a judgment ordering Chaisson to submit to an examination by a “physician selected by the employer/insurer.” The judgment states that the hearing was limited to INA’s motion, even though the record shows that both INA’s and Chaisson’s motions were heard at the same time. No judgment was ever rendered regarding Chaisson’s motion to compel medical treatment; however, all parties admit that she has since been examined by a physician of her choosing, Dr. John Cobb. Chaisson is once again before this court on a writ, asking that we (1) reverse the ruling ordering her to be examined by Dr. McDaniel and (2) order defendants to provide medical treatment by Dr. Cobb, pursuant to her motion to compel.
UOPINION
This court previously held that Dr. Budden was the insurer or employer’s choice of orthopedic specialist pursuant to La.R.S. 23:1121A. No new evidence is presented in this writ application to challenge that prior determination. The novel question presented, then, is whether the employer or insurer may require the claimant to be examined by a second physician of its choosing if its first *266 choice of physician refuses — for unknown reasons — to further examine the claimant.
La.R.S. 23:1121A provides:
A. An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer or his worker’s compensation carrier shall not require the employee to he examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee. (Emphasis added.)
The hearing officer acknowledged that Dr. Budden was INA’s choice of orthopedist. However, she concluded that equity and fairness dictated that INA be allowed a second examining physician in light of Dr. Budden’s refusal to further examine Chaisson.
«We agree with the hearing officer, that equity, in certain instances, may permit the employer or insurer to request an examination by a second physician of choice, in spite of the mandatory language of La.R.S. 23:1121A See, for example, Carter v. Smith, d/b/a Smith’s Roofing and Hauling, 620 So.2d 942 (La.App. 3 Cir.1993), where the defendant was permitted to choose a second examining physician upon a showing that its initial chosen physician had retired from the practice of medicine.
Is We disagree, however, that equity was an appropriate consideration in the instant case. Here, INA failed to present any evidence, or even an explanation, as to why its physician declined to examine the claimant. To permit a change of physicians under these circumstances would only encourage “doctor shopping” by the defense and would too easily circumvent the mandatory provisions of La.R.S. 23:1121A.
INA also requested, in the alternative, that the hearing officer appoint a physician to conduct an independent examination of the claimant. We find that such an examination is appropriate under La.R.S. 23:1123. Accordingly, we will remand the case, with instructions that the hearing officer appoint an independent medical practitioner, other than Dr. McDaniel, and order the claimant to submit to such an examination.
We also find no merit in Chaisson’s motion to compel medical treatment. The motion, in part, has been rendered moot by the subsequent examination by an orthopedist of her choice, Dr. John Cobb. Whether Chaisson is entitled to further medical treatment from Dr. Cobb is a question that must be decided at trial. At trial, one issue will be whether Chaisson has suffered a work-related accident resulting in disability or whether her symptoms have been produced by a degenerative condition in her spine. This question can only be answered after presentation of the testimony of all experts, including Dr. Cobb, Dr. Budden and the court appointed expert.
For the above reasons, the judgment ordering the claimant to submit to examination by Dr. James McDaniel is reversed, and the case is remanded with instructions that the hearing officer appoint an independent medical practitioner to examine the claimant. In all other respects, the writ is denied.
WRIT GRANTED IN PART AND DENIED IN PART AND MADE PEREMPTORY.